**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-63120-BLOOM/Valle**

ALEXANDER JOHANSEN, et al.,

Plaintiffs,
v.

LUCY MODRAK, et al.,

Defendants.
_____________________________/

# ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On December 21, 2018 Plaintiff Alexander Johansen, on behalf of himself and his minor children AG Johansen Presley and JK Presley, filed an "Original Petition and Request for Admissions," ECF No. [1] ("Complaint"). For the reasons set for below, Plaintiff's Complaint is dismissed.

## I. Background

Plaintiff brings this action, *pro se*, alleging that the publishing of the book "I Lisa Marie" destroyed his life and career. ECF No. [1] at 10. Plaintiff asserts five claims against Defendants Lucy Modrak, Elizabeth Borgman Skelly, Lucy Maranda Brown, Maria Fredriksson Skelly, and John Does 1-100: Copyright Infringement (Count I); Tampering with victim and extortion (Count II); Libel per se (Count III); Fourteenth Amendment Equal Protection (Count IV); and RICO (Count V).

## II. Legal Standard

Plaintiff has not paid the required filing fee and therefore the screening provisions of 28 28 U.S.C. § 1915(e) are applicable. Pursuant to 28 U.S.C. § 1915(e)(2), this Court is required to dismiss cases where the Plaintiff seeks to proceed *in forma pauperis* and the action "(i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). We construe the pleadings of pro se litigants liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998).

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8. Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

Furthermore, federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

## III. Discussion

### a. Copyright Infringement (Count I)

To state a claim for copyright infringement a plaintiff must assert: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist*

*Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361, (1991). "To satisfy *Feist*'s first prong, a plaintiff must prove that the work ... is original and that the plaintiff complied with applicable statutory formalities." *Bateman v. Mnemonics, Inc.,* 79 F.3d 1532, 1541 (11th Cir.1996) (citations omitted). A plaintiff may show copying by demonstrating that the defendants had access to the copyrighted work and that the works are "substantially similar." *Oravec v. Sunny Isles Luxury Ventures, L.C.,* 527 F.3d 1218, 1223 (11th Cir. 2008).

Plaintiff alleges that "Pictures and documents in 'I Lisa Marie' are Plaintiffs [sic] Copyright." ECF No. [1] at 10. However, Plaintiff does not allege that he has registered his copyrighted pictures and documents with the Copyright Office, a precondition to an infringement suit under § 501.17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 157 (2010).

Even if Plaintiff's allegation were sufficient to meet the first element, nothing in the Complaint satisfies the second element. Other than general conclusory allegations that Defendants infringed on Plaintiff's copyright, Plaintiff alleges no specific facts relating to copyright infringement. Plaintiff provides no details of the specific "pictures and documents" that Defendants allegedly infringed. Accordingly, the Court finds that Plaintiff fails to state a claim of copyright infringement.

Additionally, Plaintiff's copyright claim is time-barred. The statute of limitations for a copyright infringement claim is three years. *See* 17 U.S.C. § 507(b). Plaintiff alleges that from November of 2000 until November of 2001 his wife was involved in litigation relating to a book contract for the book "I Lisa Marie" and that the book was first printed in 1998. ECF No. [1] at 6-7. Because Plaintiff knew or should have known of the alleged copyright infringement at that time, his claim is 16 years too late.

Ordinarily the Court would allow a *pro se* plaintiff the opportunity to amend his complaint; however it need not afford that opportunity where it is apparent from plaintiff's complaint that there is absolutely no possibility of pleading a plausible claim against these defendants in an amended complaint. Here, any attempt to amend the complaint would be futile.

b. Tampering with Victim and Extortion (Count II)

Plaintiff alleges that Defendant violated 18 U.S.C § 1512, which criminalizes tampering with a witness, victim or an informant. However, no private cause of action exists for violations of this statute. *See Baker v. City of Hollywood*, No. 08-cv-60294, 2008 WL 2474665, at *9 (S.D. Fla. June 17, 2008), *aff'd,* 391 F. App'x 819 (11th Cir. 2010) ("Nothing in 18 U.S.C. § 1512 suggests that it creates a private right of action."). Accordingly, Count II is dismissed.

c. Libel Per Se (Count III)

Plaintiff's third cause of action purports to assert a claim for libel per se pursuant to 18 U.S.C § 1961. ECF No. [1] at 19. That statute provides penalties for RICO violations. The Court will address Plaintiff's RICO claim in its analysis of Count V. Plaintiff does not provide a basis for the Court to exercise subject matter jurisdiction over a claim for libel. The Court declines to exercise supplemental jurisdiction over a state law claim for libel. Accordingly, Count III is dismissed.

d. Fourteenth Amendment Equal Protection (Count IV)

Plaintiff cannot succeed on his Fourteenth Amendment claim against Defendants because they are private individuals. *See Cooper v. Aaron*, 358 U.S. 1, 11 (1958) ("Individual invasion of individual rights is not the subject-matter of the amendment."); *Simkins v. Moses H. Cone Memorial Hospital,* 323 F.2d 959, 966 (4th Cir. 1963) ("[P]rivate conduct abridging individual

rights does no violence to the Equal Protection Clause unless to some significant extent the State in any of its manifestations has been found to have become involved in it.").

  e. RICO (Count V)

The Racketeered Influenced and Corrupt Organization Act creates a civil cause of action for "[a]ny person injured in his business or property by reason of a violation" of the substantive provisions contained in Section 1962 of the RICO Act. 18 U.S.C. § 1964(c). The four required elements to state a claim for civil RICO liability are (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity. *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000). Under Section 1964(c), civil RICO claimants must also demonstrate standing by showing "(1) the requisite injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation." *Williams v. Mohawk Indus., Inc.*, 411 F.3d 1252, 1256 (11th Cir. 2005). Here, Plaintiff has failed to plead any facts to support a claim under the federal RICO statute.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**;
2. The Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, **ECF No. [6]**, is **DENIED** as moot.
3. The Clerk is directed to **CLOSE** this case.

---

[1] Plaintiff's Complaint also cites the "United Nations Convention against Transnational Organized Crime, of 15 November 2000 UNCTOC, article 15(1) by virtue of the Supremacy Clause of the Constitution of the United States"; 28 U.S.C. § 1367; and Florida Long Arm Statute, Fla. Stat 48.193., as bases for this Court to exercise subject matter jurisdiction over Plaintiff's claims. The United Nations Convention against Transnational Organized Crime does not confer subject matter jurisdiction here, and the Court declines to exercise supplemental jurisdiction over any state law claims.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of January, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Alexander Johansen
1126 S. Federal Hwy. #164
Fort Lauderdale, FL 33316